UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ELLISON EDUCATIONAL EQUIPMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:19CV99-PPS |
| | ) | |
| HEARTFELT CREATIONS, INC. and | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Ellison Educational Equipment has brought this action alleging that

defendant Heartfelt Creations, Inc., and unidentified defendants Does 1 through 10, are

guilty of patent infringement. Ellison holds U.S. Patent No. 9,079,325, entitled

"Chemical-Etched Die Having Improved Registration Means." [DE 1 at ¶24; DE 1-1.] The

patented method involves the use of a die in a machine with a roller press to cut shapes

from a sheet of material that is fed through the machine. Ellison's complaint explains

that chemical-etching is a process that can be used to create a die with an intricate

design. [DE 1 at ¶22.] Machines for die-cutting can be used to cut shapes out of

materials including paper, fabric and leather, for applications in scrapbooking and other

crafts as well as for use in schools for decorations, teaching materials, and other projects.

The complaint alleges that "Ellison recently discovered that Heartfelt is making or

having their patterns made into chemically-etched dies that are used to perform the

method taught by the '325 Patent." [DE 1 at ¶26.]

Count I of Ellison's complaint is a claim of direct infringement of the '325 Patent by "importing, making, using, selling, and/or offering to sell, patterns made into chemically-etched dies that are used to perform the method taught by the '325 Patent." [DE 1 at ¶38.] Count II makes a claim of inducing infringement, alleging that "Defendants indirectly infringe on the '325 Patent by instructing, directing and/or requiring others, including but not limited to, customers, purchasers, users and developers, to perform the steps of claim 1, either literally or under the doctrine of equivalents, of the '325 Patent[.]" [DE 1 at ¶47.] Finally Count III is a claim of contributory infringement of the patent by "selling or offering to sell material or apparatus for use in practicing the '325 Patent that is a material part of the invention." [DE 1 at ¶53.]

Now before me is Heartfelt's motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), arguing that Ellison has failed to allege adequate facts to plausibly state its claims. [DE 17.] Federal pleading standards require a complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff meets this requirement if it 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lifetime Industries, Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376 (Fed. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In considering a motion to dismiss under Rule 12(b)(6), I "assume all well-pleaded allegations are true and draw all reasonable inferences in the light most favorable to the plaintiff." *Manistee Apartments, LLC v. City of Chicago*, 844 F.3d 630, 633 (7th Cir. 2016). Fed.R.Civ.P. 8(a)(2) "generally requires only a

plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).  *See also Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1346 (Fed.Cir. 2018).

**Direct Infringement Claim – Count I**

The first of Heartfelt's arguments is that, in support of its claim of direct infringement, Ellison has not specifically identified an infringing product or alleged that Heartfelt practices the method claimed in the patent.  [DE 18 at 7.]  Heartfelt asserts that without such specificity, Ellison has not satisfied the pleading requirement of putting the defendant on notice as to what products or practices are allegedly infringing.

Under the now-abrogated Form 18 in the Appendix to the Federal Rules of Civil Procedure, the required elements of a claim of direct patent infringement were minimal:

> (1) an allegation of jurisdiction, (2) a statement that the plaintiff owns the patent, (3) a statement that the defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*In re Bill of Lading*, 681 F.3d at 1334.  The Federal Circuit has never recognized a distinction between the requirements of Form 18 and *Iqbal/Twombly*.  *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1259 n.3. (Fed.Cir. 2018).  The third element of this formulation requires some identification of the allegedly infringing device.  A plaintiff is not required to "prove its case at the pleading stage." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012), citing *Skinner v. Switzer*, 562 U.S. 521, 529 (2011).  But the precedent of the Federal Circuit "requires that a complaint place the alleged infringer 'on notice of what activity...is being

accused of infringement.'" *Lifetime Ind.*, 869 F.3d at 1379 (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed.Cir. 2013)). "To survive a motion to dismiss under RCFC 12(b)(6), '[t]here must be some allegation of specific services or products of the defendants which are being accused.'" *Golden v. United States*, 137 Fed.Cl. 155, 187 (Ct. Cl. 2018) (quoting *Addiction and Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed.Appx. 934, 937 (Fed. Cir. 2015)).

Ellison's response identifies the portions of its complaint that meet these pleading standards. Count I alleges that Heartfelt has infringed "at least claim one (1) of the '325 patent....by using the methods covered by the '325 Patent." [DE 1 at ¶36.] The complaint identifies Heartfelt products allegedly used to infringe the patented method in ¶¶27 and 28 by providing the addresses for webpages displaying the "Tropical Hibiscus" die and the "Under the Sea" die sold by Heartfelt, and the address of Heartfelt's webpage listing "over seventy (70) 'Dies that Match Stamps'." Later in ¶30, the complaint provides "[a]dditional examples" of dies allegedly used to infringe Ellison's patent by including photographs of the packages of Heartfelt's "Backyard Blossoms" and "Fluttering Butterfly" dies. Finally, to plead a specific occurrence of Heartfelt's infringing practice of the patented method, the complaint identifies a particular video on Heartfelt's YouTube channel depicting Heartfelt's Creative Director "demonstrating products that are used to perform the methods taught by the '325

Patent" and "teach[ing] members of the public how to infringe at least one claim of the '325 Patent." [DE 1 at ¶29.] [1]

This pleading is more than adequate to meet the standards applicable to a claim of direct infringement. Ellison's opposition to the motion points to these paragraphs of the complaint, and embellishes them with additional webpage screenshot images and other illustrations. But in my view the pleading speaks for itself and the additional images are unnecessary. I reject Heartfelt's characterization of Ellison's argument as an attempt to "shoe-horn[] in addition facts" or somehow improperly "pose[] a hypothetical regarding the use of a roller press in the YouTube video." [DE 24 at 6, 7.] I also find Heartfelt's forays into what reads like claim construction arguments to be both misplaced and unavailing.[2] Arguments that "boil down to objections to [a plaintiff's] proposed claim construction " are "dispute[s] not suitable for resolution on a motion to dismiss." *Nalco Company*, 883 F.3d at 1349.

A second argument against the direct infringement count is that Ellison fails to plead that Heartfelt practices the method claimed in the '325 Patent. [DE 18 at 10.] This is a stingy and unrealistic reading of the complaint, and one at odds with the requirement that its allegations be read in the light most favorable to the plaintiff. The

---

[1] Heartfelt complains that the web address provided is to a 51 minute Heartfelt video that doesn't appear to support the claim that "Heartfelt's products are used to perform the claimed method and that Heartfelt teaches others how to infringe the '325 Patent." [DE 18 at 10.] I agree that the video appears to be cited in error. My Google search "dies that match stamps" readily yielded a Heartfelt video that fits the description in ¶29 of the Complaint at https://www.youtube.com/watch?v=6U3QfWexXZ8. I will entertain a motion to amend the complaint to correct this error.

[2] An example: "Ellison fails to identify any Heartfelt die having the critical limitations necessary to infringe the '325 patent. As mentioned above, one of the claimed components is a chemically-etched die with very narrowly defined limitations." [DE 18 at 9.]

allegation in ¶26 that "Ellison recently discovered that Heartfelt is making or having their patterns made into chemically-etched dies that are used to perform the method taught by the '325 Patent" encompasses the notion that *Heartfelt* is using the dies to perform the patented method. [DE 1 at 5.] Then there's the video addressed above, showing Heartfelt's Creative Director demonstrating the use of Heartfelt's dies and die-cutting machine to perform a method that allegedly violates the '325 Patent. [DE 1 at ¶29.] Finally, both sentences of ¶33 of the complaint allege infringement by Heartfelt's use of the patented method, among other possible manners of infringement. Count I for direct infringement is not shown to be subject to dismissal for failure to state a claim.

**Induced Infringement Claim – Count II**

Next, Heartfelt argues that Ellison has not adequately pled the *scienter* required for an induced infringement claim. [DE 18 at 13.] Federal statute provides that "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. §271(b). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically *intended* [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement." *Lifetime Ind.*, 869 F.3d at 1379 (quoting *Bill of Lading*, 681 F.3d at 1339) (emphasis added). But the intent requirement of induced infringement is adequately pleaded where a complaint "alleged [defendants'] knowledge of the patent and had plausibly pleaded that the defendants' customers performed the claimed method." *Lifetime Ind.*, 869 F.3d at 1380 (citing *Bill of Lading*, 681 F.3d at 1341-42).

These requirements are also met by Ellison's complaint. Count II expressly

pleads that "Defendants had knowledge of the '325 Patent…having been advised of the

existence and substance of the '325 Patent by Ellison," referring to a December 21, 2018

Cease and Desist Letter and the allegation on information and belief that Heartfelt has

"actual or constructive knowledge of Ellison's rights and of the '325 Patent." [*Id*. at

¶¶51, 32, 31.] Further, Count II contains these allegations in ¶47:

> Defendants indirectly infringe on the '325 Patent by instructing, directing
> and/or requiring others, including but not limited to, customers,
> purchasers, users and developers, to perform the steps of claim 1, either
> literally or under the doctrine of equivalents, of the '325 Patent, where the
> steps of the method claim is performed by Defendants or their customers,
> purchasers, users and developers.

[DE 1 at 9.] Factual allegations supporting these legal conclusions are the same as those

referenced above, contending that Heartfelt markets particular dies for a use that would

and does infringe the patented method, as shown and taught in its Creative Director's

demonstrative video. Count II alleging induced infringement does not fail to state a

claim.

**Contributory Infringement Claim – Count III**

Contributory infringement is not adequately pled, Heartfelt suggests, because

direct infringement (an element of contributory infringement) has not been adequately

pled, nor have two other elements – that Heartfelt's accused products have no non-

infringing use, and the required *scienter*. [DE 18 at 17.] Contributory infringement is

defined in 35 U.S.C. §271(c):

> Whoever offers to sell or sells within the United States or imports into the
> United States a component of a patented machine, manufacture,

combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce *suitable for substantial noninfringing use*, shall be liable as a contributory infringer.

(Emphasis added.)  My rejection of the motion to dismiss as to the direct infringement claim defeats the first prong of Heartfelt's attack.  I turn to the other two.

Paragraph 55 of the complaint alleges that "The components sold or offered for sale by Defendants have no substantial non-infringing uses.  Further, they are not staple articles of commerce and constitute a material part of the invention.  Such chemically-etched dies have no other reasonable commercial use than for practicing the methods taught by the '325 Patent."  [DE 1 at 10.]  This is pretty basic, and although this language is close to a recitation of the elements of the cause of action, it contains allegations of fact concerning the dies offered by Heartfelt.  And since the necessary allegations are in the negative, there is little more that could reasonably be required of the pleading.  *Nalco*, 883 F.3d at 1357.

As to the *scienter* required by §271(c), again *Lifetime Industries* provides a helpful reference:  "contributory infringement requires 'only proof of a defendant's *knowledge*, not *intent*, that his activity cause infringement.'"  *Lifetime Ind.*, 869 F.3d at 1381 (quoting *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed.Cir. 1990)).  Count III of the complaint makes that allegation:  "Defendants have contributorily infringed the '325 Patent, as set forth herein, *knowing that* the materials or components would be made or especially adapted for use in a manner that results in infringement of the '325 Patent."

[DE 1 at ¶57 (emphasis added).]  The pleading of contributory infringement in Count III is sufficient.

**Conclusion**

The plausibility requirement of the *Twombly/Iqbal* standard is not a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" the defendant's liability on the claims pled. *Twombly*, 550 U.S. at 556.  In a discussion of patent infringement pleading standards under Form 18 and *Iqbal/Twombly*, the Federal Circuit has recently reiterated the teaching of the Supreme Court that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the ground upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoted in *Disc Disease Solutions*, 888 F.3d at 1260).  Drawing on my "judicial experience and common sense," I readily conclude that the pleading standards of the Federal Rules as interpreted by the Supreme Court and the Federal Circuit Court of Appeals are met by Ellison's complaint in this case, which states three plausible claims for relief.  *Iqbal*, 556 U.S. at 679.

**ACCORDINGLY:**

Defendant Heartfelt Creations, Inc.'s Motion to Dismiss the Complaint [DE 17] is DENIED.

**SO ORDERED**.

ENTERED:  September 20, 2019.

 /s/ Philip P. Simon
**UNITED STATES DISTRICT JUDGE**